NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1331
_____

SHENECQUA BUTT; ALLEGRA KING*; TANYA MITCHELL;
THERESA C. HOWARD; ELLEN BROWN BRONSON,

Appellants

v.

UNITED BROTHERHOOD OF CARPENTERS & JOINERS
OF AMERICA; EDWARD CORYELL; MARK DURKALEC

*(Dismissed per Court Order of 1/30/13)
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-09-cv-04285)
District Judge: Honorable Michael M. Baylson
_____

Argued January 7, 2013

Before: SCIRICA, AMBRO, and FUENTES, <u>Circuit Judges</u>

(Opinion filed: January 31, 2013)

Ryan M. Paddick, Esquire  (Argued)
81 Lancaster Avenue, Suite 220
Malvern, PA   19355

        Counsel for Appellants

Marc L. Gelman, Esquire  (Argued)
Jennings Sigmond, P.C.
510 Walnut Street

1

The Penn Mutual Towers, 16th Floor
Philadelphia, PA   19106

Counsel for Appellees

_____

OPINION

_____

AMBRO, <u>Circuit Judge</u>

Appellants jointly appeal the District Court's order granting summary judgment in favor of Defendants and dismissing their consolidated case.  We hold that summary judgment was inappropriate, and thus vacate and remand for further proceedings.

**I.**

As we write for the parties, we set forth only those facts necessary to our opinion.  Appellants Shenecqua Butt, Tanya Mitchell, Theresa Howard, and Ellen Bronson are female, African-American carpenters.  They brought suit against their union—the Metropolitan Regional Council of Carpenters, Southeastern Pennsylvania, State of Delaware and Eastern Shore of Maryland, United Brotherhood of Carpenters & Joiners of America ("the Union")—as well as its Business Agent, Mark Durkalec, and its Business Manager, Edward Coryell.  Appellants allege that, in making job referrals, Defendants discriminated against them on the basis of race and gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and because of race in violation of 42 U.S.C. § 1981.  They also allege retaliation under both provisions.[1]

_____

[1] Appellant Bronson does not allege retaliation, although she alone brought suit for race and sex discrimination under the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951 *et seq.*

2

In support of their discrimination claims, Appellants provided statistics comparing the annual hours worked by men and women in the Union. Although the numbers were not subjected to any expert statistical analysis, we note that there were many instances in which each individual Appellant's annual hours exceeded the average hours worked by male *and* female carpenters, and all five Appellants exceeded both averages in 2006. However, the average annual hours worked by women dropped significantly in the years 2007 and 2008 while the hours worked by men remained relatively constant from the preceding years.

Appellants also offered testimony regarding statements made by Defendants. Specifically, Butt testified that Durkalec informed her on multiple occasions that "'I got these jobs but . . . I can't give them to you,'" Butt Dep. 251:7–252:21, Feb. 11, 2011, and that she was instead offered jobs "[t]hat the men don't want," *id.* at 203:9–205:25. Moreover, Bronson testified that, in response to job queries, Durkalec replied that "my people are still out of work." Bronson Dep., 29:1–11, May 3, 2011. Bronson interpreted this comment "to mean [she] was not a white man and those were the ones that [were] his people," and that she "was not a part of that [clique]." *Id.* at 30:1–4. She "felt as though [she] was being discriminated against because of that fact." *Id.* at 30:4–6.

Appellants—excluding Bronson—allege that this drop in hours also was in retaliation for their protected activities, which included filing charges of discrimination against the Union with the Equal Employment Opportunity Commission, making complaints directly to the Union, and testifying before the Philadelphia Mayor's Advisory Commission on Construction Industry Diversity. Additionally, following Butt

3

and Mitchell's testimony before the Mayor's Commission, Durkalec forwarded a letter to the media explaining that the two had been laid off previously for poor work performance.

The District Court granted summary judgment in favor of Defendants and dismissed the action.

## II.

The District Court had original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367. We have jurisdiction under 28 U.S.C. § 1291.

"We exercise plenary review over a District Court's grant of summary judgment . . . ." *Zavala v. Wal Mart Stores Inc.*, 691 F.3d 527, 545 (3d Cir. 2012) (citation omitted). "We will affirm if our review shows 'that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Liberty Mut. Ins. Co. v. Sweeney*, 689 F.3d 288, 292 (3d Cir. 2012) (quoting Fed. R. Civ. P. 56(a)). When determining whether there is any such genuine issue of material fact, the record must be viewed in the light most favorable to the non-moving party. *Heightened Independence & Progress, Inc. v. Port Auth. of N.Y. & N.J.*, 693 F.3d 345, 351 (3d Cir. 2012).

## III.

Title VII makes it unlawful for a labor organization to "discriminate against" or "fail or refuse to refer for employment any individual, in any way which would deprive or tend to deprive any individual of employment opportunities . . . because of such

4

individual's race, color, religion, sex, or national origin."[2]  42 U.S.C. § 2000e-2(c)(1)–(2).

The District Court concluded that the Appellants had not made out their *prima facie* case because they had not exhibited any "causal nexus between Defendants' conduct and the 'adverse employment actions.'" *Butt v. United Broth. of Carpenters & Joiners of Am.*, No. 09-4285, 2012 WL 360554, at *8 (E.D. Pa. Jan. 26, 2012). Specifically, the Court concluded that even if the statistics did indicate an illicit hiring preference, there were no facts implicating the Union in any disproportionality, and that there was no empirical evidence suggesting favoritism based on race.  The Court instead opined that the "Plaintiffs seem to be pursuing the wrong defendants." *Id.*  As for the retaliation claims, the Court found sufficient protected activities, but concluded that Appellants had failed to present "evidence tending to show that the putative adverse employment actions were taken or even influenced by *Defendants*." *Id.* at *11 (emphasis in original).

Although the District Court applied a pretext analysis pursuant to *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973), we see no reason why the Appellants could not have proceeded at this stage under a mixed-motive discrimination theory pursuant to 42 U.S.C. § 2000e-2(m).  *See Makky v. Chertoff*, 541 F.3d 205, 213 (3d Cir. 2008) ("A Title VII plaintiff may state a claim for discrimination under either the pretext theory . . . or the mixed-motive theory . . . .").  In either event, we see at least one genuine

---

[2] The PHRA is "construed consistently with interpretations of Title VII," *Gomez v. Allegheny Health Servs., Inc.*, 71 F.3d 1079, 1084 (3d Cir. 1995), as are actions under § 1981, *Schurr v. Resorts Int'l Hotel, Inc.*, 196 F.3d 486, 499 (3d Cir. 1999).

dispute of material fact that should have precluded summary judgment:  Defendant

Durkalec's statement that his people were still out of work.  Although the District Court

interpreted this "seemingly inappropriate" statement to mean "merely that Durkalec did

not personally identify with black female carpenters," *Butt*, 2012 WL 360554, at *9, this

conflicted with Appellant Bronson's interpretation, which appears to be the only

interpretation we can find in the record.  In light of this genuine dispute, summary

judgment was inappropriate on the claims of race and gender discrimination.

Remand is also appropriate to address the issue of Title VII retaliation.  The

District Court reasoned that an adverse employment action was limited to "a significant

change in employment status, such as hiring, firing, failing to promote, reassignment with

significantly different responsibilities, or a decision causing a significant change in

benefits."  *Id.* at *11 (quoting *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761

(1998)).  This standard—pertaining to direct employers—failed to account for actions

that a labor organization could take "to dissuade employees from complaining or

assisting in complaints about discrimination."  *Burlington N. & Santa Fe Ry. Co. v.

White*, 548 U.S. 53, 70 (2006).  Though the record contains almost no information about

the letter Durkalec forwarded to the press, that action arguably could have sufficed as a

retaliatory action under the law, and more factual analysis is necessary.

We thus vacate the District Court's order granting summary judgment, and remand

for further proceedings consistent with this opinion.

6